23 F.3d 404
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Noel Edward PLUNKETT, Jr., Defendant-Appellant.
 No. 93-5389.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 8, 1994.
Decided: April 28, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. James C. Fox, Chief District Judge. (CR-92-70)
 G.Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.
 James R. Dedrick, United States Attorney, David P. Folmar,Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 VACATED AND REMANDED.
 Before HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Noel Edward Plunkett, Jr., was convicted by a jury of two counts of bank robbery, 18 U.S.C.A. Sec. 2113(a) (West Supp.1993). He appeals his 115-month sentence, asserting that the district court improperly found that he made an express threat of death to the bank teller and enhanced his sentence under guideline section 2B3.1(b)(2)(F).* We agree that the enhancement was improper, and that Plunkett should be resentenced without it.
 
 
 2
 Plunkett robbed the same bank twice, once in October 1992, and again in November 1992. In the first robbery, he approached teller Anita Popplewell and gave her a note which said, "This is a robbery." He also said to her, "I know where you live; don't do anything stupid. I'm watching your house."
 
 
 3
 In the second robbery, Plunkett again approached Popplewell and gave her a note which said, "This is a robbery. Put the money in a canvas bag and pass the note and the bag." He again said, "I know where you live. Don't do anything stupid." The next teller, Suzanne Colacicco, testified that Plunkett also said to her, "Don't be stupid. You too, I know where you live." After getting money from Popplewell, Plunkett handed the bag to Colacicco, who put more money in the bag. Plunkett was captured a short time after he left the bank. Colacicco reported that after Plunkett went out of the bank she "hit the floor and started crying" because she was "scared to death." During the trial, she cried again when she related the experience.
 
 
 4
 Popplewell did not recall that Plunkett had made any motions other than putting the money in his pockets during the first robbery and pulling the note out of his jacket as he approached her during the second robbery. When Colacicco was asked if she remembered any motions, she said, "To the best of my recollection he had his hand in his shirt ... pretending to have a gun."
 
 
 5
 Following Plunkett's conviction, the government contended that an enhancement should be given for an express threat of death under guideline section 2B3.1(b)(2)(F) because of the manner in which Plunkett's statements had affected Colacicco. Plunkett opposed the enhancement, arguing that his statement was intended to intimidate, but was not an express threat of death, and that Colacicco's reaction was not that of a reasonable victim. Although the district court was initially skeptical of Plunkett's position, it ultimately found, without explanation, that Plunkett had made an express threat of death.
 
 
 6
 The commentary to section 2B3.1 explains that the enhancement for an express threat of death is intended for cases where the robber's conduct "would instill in a reasonable person, who is a victim of the offense, significantly greater fear than that necessary to constitute an element of the offense of robbery." In all of the examples provided, the threat to kill is unambiguous. U.S.S.G. Sec. 2B3.1, comment. (n.7). Plunkett's generalized threat, standing alone, was not a threat to kill. We find that the district court clearly erred in making the enhancement based on his statements.
 
 
 7
 On appeal, the government asserts that Plunkett's statements, combined with the gesture of putting his hand in his shirt in pretense of having a gun, together encompassed a threat of death. However, the government did not make this argument in the district court. From the record of the sentencing hearing, it is clear that the court considered only Plunkett's statements. The government has thus forfeited the issues of whether Plunkett made such a gesture at all, and whether, if he did, the gesture with the statements might constitute an express threat of death. Relitigation of the issue is foreclosed on remand. United States v. Bell, 5 F.3d 64, 66-67 (4th Cir.1993). No exceptional circumstances are present which might allow reopening of the question.
 
 
 8
 We therefore vacate Plunkett's sentence and remand for resentencing without the two-level enhancement for express threat of death. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1992)